KEITH E. EGGLETON, State Bar No. 159842
MAURA L. REES, State Bar No. 191698
ANTHONY J WEIBELL, State Bar No. 238850
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
E-mail: keggleton@wsgr.com; mrees@wsgr.com; aweibell@wsgr.com

Attorneys for Defendant
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS DILBECK, an individual, on his own behalf and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: C 07-00643 WHA<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER CONSOLIDATING CASES FOR ALL PURPOSES AND SETTING SCHEDULE FOR FILING OF CONSOLIDATED COMPLAINT AND RESPONSES THERETO** |
| MELANIE POLK-STAMPS and BABACAR DIENE, individually, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NETFLIX, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: C 07-01266 HRL |

WHEREAS, there are presently two related antitrust actions on behalf of consumers against defendant Netflix, Inc. ("Netflix") pending before this Court:

| ***Abbreviated Case Name*** | ***Case Number*** | ***Date Filed*** |
|---|---|---|
| *Dilbeck v. Netflix* | C 07-00643 WHA | 01/31/07 |
| *Polk-Stamps v. Netflix* | C 07-01266 HRL | 03/02/07 |

WHEREAS, these Netflix antitrust actions arise out of the same transactions and

occurrences and involve the same or substantially similar issues of law and fact, and, therefore, are related within the meaning of Civil L.R. 3-12 and should be consolidated for all purposes under Federal Rule of Civil Procedure 42(a);

WHEREAS, on February 23, 2007, United States District Judge William H. Alsup, pursuant to Civil L.R. 3-12 entered a Related Case Order in *Dilbeck v. Netflix, Inc.*, No. 07-00643 PVT, designating that action as related to an earlier filed action assigned to Judge Alsup, *Netflix, Inc. v. Blockbuster, Inc.*, No. 06-02361 WHA, and ordering that action to be reassigned to him.

WHEREAS, plaintiffs and defendant, after meeting and conferring, agree that judicial economy will be served by setting a schedule for defendant's response to the complaint.

THEREFORE, IT IS STIPULATED AND AGREED by plaintiffs and defendant, through their respective counsel of record, as follows:

**I. CONSOLIDATION OF ACTIONS**

1. The following related actions are hereby reassigned to United States District Judge William H. Alsup and consolidated into Civil Action No. C 07-00643 WHA for all purposes, including pretrial proceedings, trial and appeal:

| ***Abbreviated Case Name*** | ***Case Number*** | ***Date Filed*** |
|---|---|---|
| *Dilbeck v. Netflix* | C 07-00643 WHA | 01/31/07 |
| *Polk-Stamps v. Netflix* | C 07-01266 HRL | 03/02/07 |

2. All related antitrust actions that are now pending, subsequently filed in, or transferred to, this District (excluding *Netflix v. Blockbuster*, No. 06-2361 WHA) shall be consolidated into this action for pretrial purposes. This Order shall apply to every such related

action, absent order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within fifteen (15) days after the date on which a copy of the order is mailed to the party's counsel, pursuant to Paragraph 10, *infra*.

3. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

4. The docket in Civil Action No. C 07-00643 WHA shall constitute the Master Docket for this action.

5. The caption of these consolidated actions shall be *"In re Netflix Antitrust Litigation"* and every pleading filed in the consolidated actions, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NETFLIX ANTITRUST LITIGATION<br><br>This Document Relates To: | CASE NO.: C 07-00643 WHA |

6. The file in Civil Action No. C 07-00643 WHA shall constitute a Master File for every action in the consolidated action. When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading is intended to be applicable to only some, but not all, of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the abbreviated case name of said action shall appear immediately after the words "This Document Relates To:" in the caption described above (e.g., "No. C 07-00643 WHA, *Dilbeck v. Netflix*").

7. A Master Docket and a Master File hereby are established for the above consolidated proceedings and for all other related cases filed in or transferred to this Court. Separate dockets shall continue to be maintained for each of the individual actions hereby consolidated, and entries shall be made in the docket of each individual case in accordance with the regular procedures of the clerk of this Court, except as modified by this Order.

8. When a pleading is filed and the caption shows that it is applicable to "All Actions," the clerk shall file such pleading in the Master File and note such filing on the Master Docket. No further copies need be filed, and no other docket entries need be made.

9. When a pleading is filed and the caption shows that it is to be applicable to fewer than all of the consolidated actions, the clerk will file such pleading in the Master File only but shall docket such filing on the Master Docket and the docket of each applicable action.

10. When a case which properly belongs as part of the *In re Netflix Antitrust Litigation* is filed in this Court or transferred to this Court from another court and assigned to this Court, the clerk of this Court shall:

    a. Place a copy of this Order in the separate file for such action;

    b. Mail to the attorneys for the plaintiff(s) in the newly-filed or transferred case a copy of this Order;

    c. Direct that this Order be served upon or mailed to any new defendant(s) or their counsel in the newly-filed or transferred case; and

    d. Make an appropriate entry on the Master Docket.

11. This Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case which properly might be consolidated as part of *In re Netflix Antitrust Litigation*.

12. Admission of Attorneys and Appearance: Each attorney acting as counsel for any party to the Consolidated Action who is a member in good standing of the bar of any United States District Court shall be deemed admitted *pro hac vice* before this Court, without further action, upon payment of the admission fee, in connection with these proceedings.

## II. SCHEDULE

13. Plaintiffs shall no later than 10 days from the entry of this Order file and serve a Consolidated Complaint or designate a pre-existing complaint to be the Consolidated Complaint, which will supersede all other existing complaints filed in these actions. Defendant need not respond to any of the complaints not designated as the Consolidated Complaint. Service shall be effected with respect to any defendant named in any of the consolidated actions by serving the Consolidated Complaint on that defendant or, with permission, that defendant's counsel.

14. Defendant shall answer or otherwise respond to the Consolidated Complaint no later than 20 days from the date of service.

15. This schedule is entered without prejudice to the rights of any party to apply for modification, for good cause shown.

IT IS SO STIPULATED.

Dated: March 15, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Maura L. Rees
Keith E. Eggleton
Maura L. Rees
Anthony J Weibell

Attorneys for Defendant Netflix, Inc.

Dated: March 15, 2007

LAW OFFICES OF ALAN HIMMELFARB

By: /s/ Alan Himmelfarb
Alan Himmelfarb

Attorneys for Plaintiff Dennis Dilbeck

Dated: March 15, 2007

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By: /s/ Rachele R. Rickert
Francis M. Gregorek
Betsy C. Manifold
Rachele R. Rickert

Attorneys for Plaintiffs Melanie Polk-Stamps and Babacar Diene

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge William Alsup

DATED: March 19, 2007

THE HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER CONSOLIDATING CASES
CASE NO. C 07-00643 WHA

-6-

3070456_2.DOC

**DECLARATION OF CONSENT**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest that concurrence in the filing of the document was obtained from each of the other signatories.

Dated: March 15, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Maura L. Rees
Keith E. Eggleton
Maura L. Rees
Anthony J Weibell

Attorneys for Defendant Netflix, Inc.

STIPULATION AND [PROPOSED] ORDER CONSOLIDATING CASES
CASE NO. C 07-00643 WHA

-7-

3070456_2.DOC